## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

HEATHER KOKESCH DEL CASTILLO,

     Plaintiff,

v.

CELESTE PHILIP, MD, MPH, in her official capacity as Surgeon General and Secretary, Florida Department of Health,

     Defendant.

Civil Action No. 3:17-cv-00722

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

### INTRODUCTION

This First Amendment case challenges the censorship of advice on the age-old topic of diet and nutrition. Plaintiff Heather Kokesch Del Castillo is a privately certified health coach who, until recently, offered dietary advice to paying customers in Florida. Ms. Del Castillo's dietary advice is substantially identical to advice that is widely available in thousands of books, on television, and online. But because Ms. Del Castillo renders her advice one-on-one and for pay, the State of Florida considers her to be engaged in the unauthorized practice of dietetics/nutrition and has ordered her to stop speaking.

Florida's actions violate the First Amendment. Individualized advice on what people should eat to stay healthy is surely as old as language, and such speech does not lose its constitutional protection merely because it is compensated. Although Florida certainly has the authority to regulate who may claim to be licensed by the state as a dietitian or nutritionist, it has no legitimate authority to grant licensed dietitians/nutritionists a monopoly on advice about what adults should buy at the grocery store.

## JURISDICTION AND VENUE

1.     Plaintiff brings this civil-rights lawsuit pursuant to the First Amendment to the United States Constitution; the Civil Rights Act of 1871, 42 U.S.C. § 1983; and the Declaratory Judgment Act, 28 U.S.C. § 2201.

2.     Plaintiff seeks declaratory and injunctive relief against the enforcement of the Florida Dietetics and Nutrition Practice Act, Fla. Stat. §§ 468.501–.518, regulations promulgated pursuant to that Act, Fla. Admin. Code r. 64B8-40.003 to -45.006, and the practices and policies of the Florida Department of Health that deny her First Amendment right to communicate her opinions and advice on diet and nutrition to willing listeners.

3.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

4.     Venue lies in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Plaintiff Heather Kokesch Del Castillo is a United States citizen and resides in the town of Fort Walton Beach, Florida.

6.     Defendant Celeste Philip, MD, MPH, is the Surgeon General and Secretary of the Florida Department of Health, the agency charged with enforcing Florida's Dietetics and Nutrition Practice Act and associated regulations against unlicensed persons. She is sued in her official capacity.

## FACTUAL ALLEGATIONS

### Plaintiff Heather Kokesch Del Castillo's Health Coaching Business

7.     Plaintiff Heather Kokesch Del Castillo is a privately certified health coach. Plaintiff received her health-coaching certification in 2013 from the Institute for Integrative Nutrition, an online school founded in 1992 that trains health coaches to assist others in making diet and lifestyle changes.

8.     Plaintiff operated a business called "Constitution Nutrition" through which, until recently, she conducted her health coaching. As a health coach, Plaintiff would take on paying clients who were interested in changing their diet.

9.     Although she sometimes met with clients in person, Plaintiff typically offered her services though online platforms such as Skype and Google Hangouts.

10.     After having clients fill out a health-history form, Plaintiff would talk with clients about their diet and fitness goals to help each client set realistic and attainable goals.

11.     Plaintiff's full six-month program cost $1,170, which included twelve 50-minute coaching sessions, email support, recipes, a monthly newsletter, and handouts on nutrition, fitness, and overall wellness. She also offered shorter, lower-cost coaching programs focused around the Whole30 diet—a popular diet that involves cutting out sugar, alcohol, grains, legumes, and dairy for 30 days— for which she charged between $79 and $129.

12.     Plaintiff's health-coaching services did not involve any diagnostic tests or any physical examination of her clients.

13.     Plaintiff's health-coaching services did not involve any conduct at all, other than talking with clients and communicating information, encouragement, and advice.

## The Sting Operation and Cease-and-Desist Letter

14.     Before her husband, a career Air Force service member, was transferred to Fort Walton Beach in June 2015, Plaintiff successfully conducted her health-coaching business in California for two years without incident.

4

15.     But on March 14, 2017, Plaintiff received an email from an individual who identified himself as Pat Smith inquiring about her services. A copy of that email (and Plaintiff's email in response) is attached as Exhibit A.

16.     In the email, Mr. Smith stated that he had come across Plaintiff's website and liked what he saw. He stated that he had "tried several weight loss programs to no avail." He then inquired as to what information Plaintiff would need to get from him to personalize a weight-loss program and asked what the program would include. He concluded his email with "Thank you and have a great day."

17.     Mr. Smith was not actually a prospective customer; he was an investigator for the Florida Department of Health. On information and belief, Mr. Smith was investigating Plaintiff because of a complaint filed by a licensed dietitian.

18.     Plaintiff responded to Mr. Smith's email the same day, offering a free 45-minute consultation and attaching a health-history form for him to fill out. She also described her health-coaching service as typically involving two meetings per month for six months. She then offered to discuss her services further if Mr. Smith was interested in setting up an initial consultation.

19.     At no point in the email, and nowhere on her website, did Plaintiff identify herself as being a licensed dietitian/nutritionist.

5

20.    Plaintiff never heard anything else regarding Pat Smith until May 2, 2017, when an agent of the Florida Department of Health arrived at her home to deliver a letter from the Department. A copy of this letter is attached as Exhibit B.

21.    From the letter, Plaintiff learned that the email from Mr. Smith had been part of a sting operation. Based on Mr. Smith's email exchange with Plaintiff, the Department stated that it had probable cause to believe that Plaintiff was illegally practicing as a dietitian/nutritionist, ordered Plaintiff to cease and desist, and assessed a fine against her of $754 ($500 plus $254 in investigatory fees).

22.    Plaintiff called the Department of Public Health to see if there was any way she could get the fine reduced. During this call, an attorney for the Department offered to waive the investigatory fee of $254. Based on this offer, Plaintiff sent a check to the Department for the $500 fine, which the Department deposited.

23.    The Department subsequently informed Plaintiff by letter that the reduction of her fine was contingent on her signing a settlement agreement. Believing that her speech was protected by the First Amendment and unwilling to waive any of her rights, Plaintiff sent a check for the remaining $254, which the Department also deposited.

24.    On August 25, 2017, Plaintiff received a letter from the Department informing her that both of her payments had been processed and that the

6

proceedings against her were now closed. A copy of this letter is attached as Exhibit C.

## Dietitian Licensure in Florida

25.     Florida regulates dietetics through the Dietetics and Nutrition Practice Act, Fla. Stat. §§ 468.501–.518., and regulations promulgated pursuant to the Act, Fla. Admin. Code r. 64B8-40.003 to -45.006. Florida regulated dietetics for the first time in 1988.

26.     Violating the Act is a first degree misdemeanor, punishable by up to a year in jail or $1,000 in fines per violation. Fla. Stat. § 468.517(2).

27.     The Florida Department of Health has the authority to enforce the Act against unlicensed persons, investigate potential violations of the Act and associated regulations, conduct various administrative proceedings, and bring injunctive actions to halt violations of the Act. Fla. Stat. §§ 456.065.

28.     "Dietetics" is defined as "the integration and application of the principles derived from the sciences of nutrition, biochemistry, food, physiology, and management and from the behavioral and social sciences to achieve and maintain a person's health throughout the person's life." Fla. Stat. § 468.503(4).

29.     A license is required to "engage for remuneration in dietetics and nutrition practice or nutrition counseling." Fla. Stat. § 468.504.

7

30.    "Dietetics and nutrition practice" is defined to include "assessing nutrition needs and status using appropriate data; recommending appropriate dietary regimens, nutrition support, and nutrient intake; ordering therapeutic diets; improving health status through nutrition research, counseling, and education; and developing, implementing, and managing nutrition care systems, which includes, but is not limited to, evaluating, modifying, and maintaining appropriate standards of high quality in food and nutrition care services." Fla. Stat. § 468.503(5).

31.    "Nutrition counseling" means "advising and assisting individuals or groups on appropriate nutrition intake by integrating information from [a] nutrition assessment." Fla. Stat. § 468.503(10). "Nutrition assessment," in turn, is defined as "the evaluation of the nutrition needs of individuals or groups, using appropriate data to determine nutrient needs or status and make appropriate nutrition recommendations." Fla. Stat. § 468.503(9).

32.    To become licensed as a dietitian/nutritionist, a person must have earned a bachelor's or postbaccalaureate degree with a major course of study in human nutrition, food and nutrition, dietetics, or food management; completed 900 hours of supervised practice; passed a licensure examination that costs $200; and paid fees of $165. Fla. Stat. § 468.509; Fla. Admin. Code r. 64B8-41.001; Commission on Dietetics Registration (CDR), *Entry-level Registration Examinations for Dietitians and Dietetic Technicians, Frequently Asked Questions*,

8

https://admin.cdrnet.org/vault/2459/web/files/2017%20Examination%20FAQ.pdf (last visited Sept. 28, 2017).

33.     The Act exempts a number of people who may provide individualized dietary advice without a license, including—among others—acupuncturists, podiatrists, naturopaths, optometrists, dentists, and cooperative extension home economists. Fla. Stat. § 468.505.

34.     The Act also does not cover dietary advice distributed through books, on television, or online. On information and belief, such advice is widespread throughout the State of Florida.

35.     A dietitian has no authority under the law to prevent a person from eating food, to compel a person to eat food, to prescribe medications, to make any medical diagnosis, to perform any medical procedure, or to perform any physical act or engage in any physical conduct with a person, such as cooking a meal or testing blood sugar, that the client or any layperson is not legally allowed to perform without the assistance or presence of a dietitian. A person may legally follow the advice of a dietitian or not, or follow it in part and reject it in part.

**Injury to Plaintiff**

36.     Defendant, through the Department of Public Health, has ordered Plaintiff to cease giving individualized advice about diet, fined her $754, and threatened her with further legal action if she continues to offer dietary advice to paying customers in Florida.

37.     The Department issued this order, assessed this fine, and made this threat based solely on the fact that Plaintiff offered to talk for pay with another adult about diet and nutrition, and not based on any evidence that anyone anywhere has ever been harmed or defrauded by Plaintiff.

38.     Based on the threat of future civil and criminal action against her by Defendant, Plaintiff has ceased providing individualized advice about diet and nutrition.

39.     Currently, the only way for Plaintiff to resume offering dietary advice is to become licensed as a dietitian/nutritionist, a process that would take years and cost tens of thousands of dollars. Plaintiff cannot undertake that time and expense, particularly since the Air Force may transfer her husband to a duty station outside of Florida in as few as two years.

40.     But for these legal threats against her and the extreme burden of becoming licensed as a dietitian/nutritionist, Plaintiff would immediately resume

providing individualized advice to health-coaching clients, secure in the

knowledge that such speech is legal.

CONSTITUTIONAL VIOLATIONS

**Count I: First Amendment**

41.    Plaintiff re-alleges and incorporates the allegation set forth in the

preceding paragraphs.

42.    The free-speech and association clauses of the First Amendment to the

U.S. Constitution protect the right to speak and associate freely.

43.    Content-based restrictions on the exercise of these rights—including

restrictions based on the subject matter of speech—are subject to strict scrutiny.

44.    Florida's regulation of speech about diet and nutrition is content-

based.

45.    Plaintiff's health-coaching service consisted of personal dietary

advice that is substantially identical to advice that is widely available to Floridians

in books, online, and from uncompensated speakers, none of which are regulated

under the Act.

46.    Advice about diet and nutrition is protected by the First Amendment

and does not lose its First Amendment protection simply because Plaintiff charges

a fee for providing that advice or because the advice was provided in person or live

via the Internet, rather than through a book or a blog.

47.     Defendant's enforcement against Plaintiff of Florida's statutes and regulations concerning dietetics/nutrition licensure cannot survive any level of First Amendment scrutiny, and is therefore unconstitutional.

48.     Unless Defendant is enjoined, Plaintiff will continue to suffer irreparable harm.

## Prayer for Relief

A. For entry of judgment declaring that the Florida Dietetics and Nutrition Practice Act, Fla. Stat. §§ 468.501–.518, and regulations promulgated pursuant to the Act, Fla. Admin. Code r. 64B8-40.003 to -45.006, are unconstitutional to the extent that they prohibit Plaintiff Del Castillo and others similarly situated from offering individualized advice about diet and nutrition;

B. For entry of a permanent injunction enjoining Defendant from enforcing these unconstitutional statutes, regulations, and practices against Plaintiff Del Castillo and others similarly situated;

C. For an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

D. For such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Ari Bargil
Ari Bargil (FL Bar No. 71454)
INSTITUTE FOR JUSTICE
2 South Biscayne Boulevard, Suite 3180
Miami, FL 33131
Telephone: (305) 721-1600
Fax: (305) 721-1601
E-Mail: abargil@ij.org

Paul M. Sherman (VA Bar No. 73410)
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA  22203
Telephone: (703) 682-9320
Fax: (703) 682-9321
E-mail: psherman@ij.org

*Attorneys for Plaintiff*

13